UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JIA ZE TIAN, WEN HU YANG, SHUN HAI ZHANG,   Docket No.: 15-CV-05499 (PKC)
TIAN YU XU, ZHONG HUA JI, RONG FA ZHANG,
INDIVIDUALLY AND ON BEHALF OF ALL OTHER
EMPLOYEES SIMILARLY SITUATED,

                        Plaintiffs,

     -against-

OLLIES 42ND LLC d/b/a OLLIE'S SICHUAN
RESTAURANT, TSU Y. WANG, John Doe and Jane Doe
#1-10,

                        Defendants.
------------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION PURSUANT TO FED. R. CIV. P. 56 FOR PARTIAL SUMMARY JUDGMENT

*Of counsel*
Joseph M. Labuda
Matthew A. Brown

**MILMAN LABUDA LAW GROUP PLLC**
\*   \*   \*   \*
**3000 MARCUS AVE., SUITE 3W8
LAKE SUCCESS, NY 10042
(516) 328-8899**

**PRELIMINARY STATEMENT**

Defendants Ollies 42nd LLC d/b/a Ollie's Sichuan Restaurant ("Ollies"), and Tsu Y. Wang ("Wang"), (collectively "Defendants") respectfully submit this memorandum of law in support of their motion for partial summary judgment pursuant to Fed. R. Civ. P. 56 dismissing the 8th Cause of Action for Failure to Reimburse for Expenses Relating to Tools of the Trade. Plaintiffs claim that they were forced to expend money to purchase bicycles and pay for repairs and maintenance on the bicycles during their employment. However, the overwhelming evidence, including Plaintiffs' admissions, proves that they purchased their own bicycles by choice and that they were reimbursed for all repair and maintenance costs by Defendants.

In addition, on March 22, 2010, Wang filed for bankruptcy. On February 29, 2012, the Bankruptcy Court granted Wang's Confirmation Plan and discharged all of his debts. Accordingly, any claim against Wang prior to February 29, 2012 must be dismissed based on the bankruptcy discharge.

**FACTS**

Ollies operates a restaurant located at 411 W. 42nd Street, New York, NY (the "Restaurant"). Wang is the owner of the Restaurant.

On March 22, 2010, Wang filed for personal bankruptcy. A Confirmation Plan discharging all of Wang's prior debts was confirmed on February 29, 2012.

Plaintiffs Jia Ze Tian ("Tian"), Wen Hu Yang ("Yang"), Shun Hai Zhang ("Zhang"), Tian Yu Xu ("Xu"), Zhong Hua Ji ("Ji"), and Rong Fa Zhong ("Rong") filed a Complaint against Ollies and Wang alleging, *inter alia*, that they were not paid all wages owed to them pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL) in the United States District Court, Southern District on July 15, 2015.

Thereafter, several individuals filed consents to file FLSA claims against Defendants. Qin Chen ("Chen") and Zheng Hua Wang ("Zheng") filed consent forms on July 18, 2015, Jian Zhong Xu ("Jian") filed a consent form on July 22, 2015, Yu Bao Zhao ("Zhao") filed a consent form on August 3, 3015, Jia Cheng Sun ("Sun") filed a consent form on January 26, 2016 and Rong Xiao ("Xiao") filed a consent form on April 7, 2016.

Throughout the litigation, the claims of several Plaintiffs either withdrew their claims or were dismissed from the action. Specifically, Yang, Zhang and Rong consented to pursue claims in arbitration on October 15, 2015, Xiao withdrew his claims and filed a separation action in New York State Supreme Court, New York County, and the Court dismissed the claims of Chen and Zhao on June 2, 2016. The Court also permitted any remaining Plaintiffs not included as parties in the Complaint (i.e. Zheng, Jian and Sun), to assert NYLL claims, including the 8th Cause of Action. The remaining Plaintiffs in the case are:

1. Jia Ze Tian
2. Tian Yu Xu
3. Zhong Hua Ji[1]
4. Zhen Hua Wang
5. Jian Zhong Xu
6. Jia Cheng Sun

In their 8th Cause of Action, Plaintiffs allege that Defendants refused to reimburse expenses incurred in relation to tools of the trade used by Plaintiffs to deliver food to Defendants' customers. Plaintiffs claim that they were not reimbursed $1,500 each for purchasing bicycles, and approximately $40 to $60 each month during their employment for maintenance and repairs of the bicycles. However, Plaintiffs were not required to purchase

---

[1] Defendants have moved multiple times to dismiss Ji's claims for failure to appear for a deposition. On June 2, 2016, the Court directed Plaintiffs to produce Ji for a deposition in accordance with Rule 28(b) since he has been out of the United States for the past several months. Ji still has not appeared for a deposition. Accordingly, his claims must be dismissed pursuant to Rule 37(b)(3)(A)(v) (permitting the Court to dismiss an action or proceeding in whole or in part for disobeying a discovery order) and/or Rule 41(b) (permitting a court to dismiss an action "[f]or the failure of the plaintiff to prosecute or to comply with . . . any order of the court.").

2

bicycles as part of their employment, and were reimbursed for all maintenance and repairs costs after they submitted receipts to the Restaurant's management.

## RULE 56 STANDARD

Summary judgment is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. See Viola v. Philips Med. Sys. of N Am., 42 F.3d 712, 716 (2nd Cir. 1994). The relevant governing law in each case determines which facts are material: "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. See Chertkova v. Conn. Gen'l Life Ins. Co., 92 F.3d 81, 86 (2d Cir. 1996) citing Fed. R. Civ. P. 56(c).

The non-movant must present more than a "scintilla of evidence," Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 178 (2d Cir. 1990) quoting Anderson, 477 U.S. at 252, or "some metaphysical doubt as to the material facts," Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993) quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).

3

A district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof." Pickett v. RTS Helicopter, 128 F.3d 925, 928 (5th Cir.1997) citing Anderson, 477 U.S. at 252. The evidentiary burdens that the respective parties will bear at trial guide the district court in its determination of a summary judgment motion. See Brady v. Town of Colchester, 863 F.2d 205, 211 (2nd Cir. 1988).

## ARGUMENT

### POINT I
### PLAINTIFFS' CLAIM FOR "TOOLS OF THE TRADE" MUST BE DISMISSED

**a.    Plaintiffs Were Not Required to Purchase Bicycles and Were Reimbursed For Repair Costs**

"Vehicles such as bicycles . . . are considered 'tools of the trade' if employees are required to possess and utilize them in the course of their employment." Guan Ming Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 511 (S.D.N.Y. 2010); see, e.g., Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 257-58 (S.D.N.Y. 2008). "The FLSA prohibits employers from requiring employees to purchase the tools of their trade . . . 'when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.'" Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc., 2010 U.S. Dist. LEXIS 109373, 2010 WL 4159391 at *4 (S.D.N.Y. Sept. 30, 2010) quoting 29 C.F.R. § 531.35; see also 29 C.F.R. § 531.35 ("[I]f it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the [FLSA] in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the" FLSA.).

4

Plaintiffs were not required to purchase any bicycles in order to make deliveries. They could have used bicycles supplied by Ollies or made deliveries by walking. (Wang Dec., ¶¶s 3-4). If employees decided to use a bicycle to make deliveries, that was of their own choosing. (Wang Dec., ¶ 5). Moreover, Plaintiffs admitted that they were reimbursed for any repairs or maintenance needed on their bicycles. (Wang Dec., ¶ 5).

Specifically, Tian testified that he used his own bicycle which he owned before he started working for Defendants, but bought a new one during his employment by choice. (See Labuda Dec., Ex. "L", pps. 25:3-26:25). Additionally, he testified that he was reimbursed for repairs upon submission of receipts to management. (See Labuda Dec., Ex. "L", pps. 74:25-75:12).

Zheng testified that he used his own bicycle when working at Ollies, and that he did not use a motorized bicycle like other employees. (See Labuda Dec., Ex. "M", p. 27:12-25). He also admitted that he was reimbursed by Ollies when he presented repair receipts to management. (See Labuda Dec., Ex. "M", p. 28:8-20).

Xu also testified that he used his own bicycle and that the company reimbursed him for any repairs. (See Labuda Dec., Ex. "N", pps 88:20-22; 89:2-21).

Furthermore, Jian testified that he bought a bicycle to make deliveries from the restaurant, but that he was reimbursed by Ollies for bicycle repairs upon submitting receipts to Angie. (See Labuda Dec., Ex. "O", pps. 93:23-94:2-6, 11-16).

Additionally, Sun testified that he used a non-motorized bicycle which he purchased after his old bicycle. (See Labuda Dec., Ex. "P", pps. 97:12-98:12). He too admitted that he was reimbursed by Ollies for repairs when he submitted his receipts. (See Labuda Dec., Ex. "P", pps. 98:23-99:16).

5

Lastly, although Ji never appeared for a deposition in the case, he was treated the same as all other delivery employees with respect to bicycle costs (i.e. he was reimbursed for all repairs after he presented a receipt to his manager). (See Wang Dec., ¶¶ 5-6, Ex. A).

**b.    Plaintiffs Have Offered No Evidence Supporting Their Conclusory Allegations**

This claim must also be dismissed since Plaintiffs have not provided any evidence to support their conclusory allegations. Huo v. Go Sushi Go 9th Ave., 2014 U.S. Dist. LEXIS 51621, 2014 WL 1413532, at *3-4 (S.D.N.Y. Apr. 10, 2014) (plaintiff's conclusory allegations that he needed bicycle to deliver hot meals insufficient where he did not supply more detail about frequency of use, distance required to be traveled, or problems presented by absence of a bicycle.).[2] Here, Plaintiffs only allege that:

> Defendants failed to pay Plaintiffs for expenses incurred in relation to tools of the trade, that is, $1,500 to purchase a bicycle, and $40-$60 per month for each of the named plaintiffs on bicycle maintenance repair. At all relevant times, Defendants had a policy and practice of refusing to reimburse Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiffs in order to deliver food to customers of Defendants. (Labuda Dec., Ex. A, ¶ 102).

Plaintiffs failed to otherwise allege any details as to the frequency with which they used bicycles to make deliveries, the distance they were required to travel to make deliveries or problems presented by not using a bicycle to make deliveries.[3]

---

[2] Additionally, Plaintiffs do not list any damages for "tools of the trade" in their damage computations. Pursuant to Rule 26(a)(1)(A)(iii), Plaintiffs were obligated, as part of their initial disclosures (or later supplementation of such disclosures), to provide Defendants with "a computation of each category of damages" and "the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). Since they failed to provide any such computations for their 8th Cause of Action, the claims must be dismissed.

[3] Plaintiffs also failed to properly allege the claim since the Complaint is devoid of any allegations that the costs associated with their "tools of the trade" cut into their minimum wage or overtime wages (i.e. a requisite element). See Jim M. Cao, *supra*. Based on such failures, the 8th Cause of Action must be dismissed.

6

To the extent that the claim proceeds on its merits, other courts have amortized the cost of the price of a bicycle over the course of the period of employment to determine what if any violation occurred. Zhen Ming Chen v. New Fresco Tortillas Taco LLC, 2015 U.S. Dist. LEXIS 125949 (S.D.N.Y. Sept. 21, 2015). Moreover, the amount to be amortized must be reduced to $500 since Plaintiffs claims for $1,500 plus repair and maintenance costs are excessive. See, e.g., Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc., 2010 U.S. Dist. LEXIS 109373, 2010 WL 4159391 at *5 (reducing damages for bicycle purchase and expenses from claimed amount of $1,500 to $500 per year). The cost of $500 each year over fifty-two (52) 52 weeks, is $9.62 per week to each Plaintiff. Since Plaintiffs admit that they earned between $250 and $300 each week in tips, the $9.62 cost for the bicycles did not bring their wages below minimum wage.[4] Therefore, Plaintiffs would not be entitled to any damages for "tools of the trade" even assuming they were forced to buy bicycles and were not reimbursed for repairs (which was not the case).

Accordingly, summary judgment dismissing Plaintiffs' 8th Cause of Action must be granted.

**POINT II**
**PLAINTIFFS' CLAIMS AGAINST TSU Y. WANG WHICH AROSE PRIOR TO FEBRUARY 29, 2012 WERE DISCHARGED IN BANKRUPTCY AND MUST BE DISMISSED**

On March 22, 2010 Wang filed for personal bankruptcy. Thereafter on February 29, 2012, a plan had been confirmed by the bankruptcy court, discharging all of Wang's prior debts Specifically, Section 5(a) states in pertinent part:

> Individual debtor Tsu Yue Wang <u>shall be discharged and/or deemed released from any and all debts which arose before the</u>

---

[4] Since Plaintiffs allege that they worked between 45 to 49 hours per week, they averaged at least $5 per hour in tips, which is more than the permitted tip credit Defendants utilized in any year during the relevant time period. Deducting $.20 per hour ($9.62 per week divided by 49 hours) for bicycle purchase and maintenance costs from the tip amount does not bring Plaintiffs wages (including tips earned) below minimum wage.

7

> date of confirmation of the Plan and any and all debts of a kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (a) a proof of claim based on such debt is filed or deemed filed under Section 501 of the Bankruptcy Code…

Thus, the claims made by Plaintiffs for prior to February 29, 2012 were extinguished upon the confirmation of that plan. In fact, with few exceptions, all such debts are extinguished upon the confirmation of the plan, as provided in 11 U.S.C. § 1141(d)(1).

According to the 11 U.S.C. § 1141(d)(1), the confirmation of a plan:

> (A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i)) of this title, whether or not – (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title; (ii) such claim is allowed under section 502 of this title; (iii) or the holder of such claim has accepted the plan; and
>
> (B) terminates all rights and interests of equity security holders and general partners provided for by the plan.

Additionally, the general purpose of Chapter 11 bankruptcy is to discharge debtors from their debts so they can continue in business while paying creditors equitably from what funds are available. 11 U.S.C. § 1141 provides for discharge of prepetition debts after debtor goes through bankruptcy and provides that any assets retained by debtor under reorganization plan are free and clear of any prepetition debt. In re De Laurentiis Entertainment Group, Inc., 963 F.2d 1269 (9th Cir. Cal. 1992), *cert den.* 506 U.S. 918 (1992) and criticized in In re Ronnie Dowdy, Inc. 314 B.R. 182 (Bankr. E.D. Ark. 2004). In fact, other courts have even stated as a general rule, under 11 U.S.C. § 1141(d)(1), post-petition/pre-confirmation claims are discharged as part of bankruptcy reorganization; entry of confirmation order discharges all debts arising prior to the date of confirmation. Wright v. Centennial Healthcare Corp., 383 B.R. 355 (D.D.C. 2008). This has also been recognized in New York Bankruptcy Courts, in which the Court held that

confirmation of plan discharges a debtor from any liability on a claim that arose before the date of confirmation pursuant to 11 U.S.C. § 1141 where all physical events required to establish the elements of causation and damage for such claims occurred prior to confirmation. Texaco Inc. v. Sanders (In re Texaco Inc.), 182 B.R. 937 (Bankr. S.D.N.Y. 1995).

Accordingly, the confirmation of the Chapter 11 reorganization plan in this instance extinguished all debts that arose prior to the date of confirmation. As such, Plaintiffs' claims which arose prior to February 29, 2012 must be dismissed with respect to Wang since they were extinguished in bankruptcy.

## CONCLUSION

WHEREFORE, Ollies 42nd LLC d/b/a Ollie's Sichuan Restaurant, and Tsu Y. Wang respectfully request that the Court should (a) grant partial summary judgment in favor of Defendants dismissing Plaintiffs' 8th Cause of Action; (b) dismissing any claims which arose prior to February 29, 2012 against Defendant Tsu Y. Wang; and (c) granting such other relief as the Court may deem just and proper.

Dated: July 15, 2016          **MILMAN LABUDA LAW GROUP PLLC**

                                     By: /s/ Joseph M. Labuda, Esq.
                                          Joseph M. Labuda, Esq.
                                          Matthew A. Brown, Esq.