UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JIA ZE TIAN, TIAN YU XU, ZHONG HUA JI,
ZHEN HUA WANG, JIAN ZHONG XU, JIA
CHENG SUN, INDIVIDUALLY AND ON
BEHALF OF ALL OTHER EMPLOYEES
SIMILARLY SITUATED,

                            Plaintiff,                      15-cv-5499 (PKC)

              -against-                         MEMORANDUM
                                              AND ORDER

OLLIES 42ND LLC d/b/a OLLIE'S SICHUAN
RESTAURANT, TSU Y. WANG, John Doe and
Jane Doe #1-10,

                          Defendants.
----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiffs Jia Ze Tian, Tian Yu Xu, Zhong Hua Ji, Zhen Hua Wang, Jian Zhong

Xu, and Jia Cheng Sun bring claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et*

*seq.,* (the "FLSA"), and the New York Labor Law ("NYLL") against Ollies 42nd LLC d/b/a

Ollies Sichuan Restaurant ("Ollies") and its owner, Tsu Y. Wang.  Plaintiffs worked as delivery

persons employed by Ollies and claim that Ollies violated federal and state wage-and-hour laws

by failing to pay overtime wages and refusing to reimburse mandatory work-related expenses.

        Defendants move for summary judgment on Count VIII of the complaint that

alleges a failure to reimburse plaintiffs for the tools of the trade.  Defendants also move to

dismiss all claims brought by plaintiff Zhong Hua Ji, who has failed to appear for a deposition in

this matter despite having been given ample time and warning of the consequences.  Defendant

Wang moves for summary judgment on all claims against him arising out of events that occurred

prior to February 29, 2012, as having been discharged in bankruptcy.

For the reasons stated below, the motion for summary judgment is granted in part and denied in part.  The motion to dismiss is granted.

I.    Summary Judgment is Granted on Plaintiffs' Claims for Reimbursement
      of Tools of the Trade.

Defendants move for summary judgment on Count VIII of the Complaint, alleging a failure to reimburse employees for expenses relating to tools of the trade.  Specifically, plaintiffs claim that during their employment at Ollies, they were not reimbursed for expenses they incurred to purchase and repair bicycles used in their work as delivery persons, an assertion that the defendants dispute.  (Def. 56.1 ¶15; Pl. 56.1 Resp. ¶15.)  Plaintiffs claim that Ollies did not reimburse them $1,500 each to purchase a bicycle, and $40-60 per month for bicycle repair. (Def. 56.1 ¶1; Pl. 56.1 Resp. ¶1.)

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a), Fed. R. Civ. P.  A fact is material if it "might affect the outcome of the suit under the governing law. . ."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  On a motion for summary judgment, the court must "construe the facts in the light most favorable to the non-moving party and resolve all ambiguities and draw all reasonable inferences against the movant."  Delaney v. Bank of Am. Corp., 766 F.3d 163, 167 (2d Cir. 2014) (quotation marks omitted).  It is the initial burden of the movant to come forward with evidence on each material element of his claim or defense, demonstrating that he is entitled to relief, and the evidence on each material element must be sufficient to entitle the movant to relief in its favor as a matter of law.  Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid

summary judgment." Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008). "A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory or based on speculation." Major League Baseball Properties, Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008) (citations omitted); see also Anderson, 477 U.S. at 249-50 (summary judgment "may be granted" if the opposing evidence is "merely colorable" or "not significantly probative") (citations omitted).

A.  Cost of Bicycles.

Under the FLSA, employers may shift the cost of purchasing tools of the trade to the employee if doing so does not reduce the employee's wages below the minimum wage or lower the amount of overtime pay due to the employee. 29 C.F.R. § 531.35 ("[I]f it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the [FLSA] in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the [FLSA]"); id. § 531.32(c). Vehicles, including bicycles and motorcycles, are considered tools of the trade if employees are "required to possess and utilize them in the course of their employment." Guan Ming Lin v. Benihana Nat'l Corp., 755 F.Supp.2d 504, 511 (S.D.N.Y. 2010) (citing Yu G. Ke v. Saigon Grill, Inc., 595 F.Supp.2d 240, 257–58 (S.D.N.Y. 2008)).

Defendants argue that delivery personnel at Ollies were not required to purchase bicycles as part of their employment because Ollies owned bicycles that were available for employee use. (Def. 56.1 ¶17; Wang Dec. ¶¶3-5.) According to defendants, Ollies owned bicycles that delivery personnel could utilize to make deliveries, and if delivery personnel used their own bikes, "it was by their own choice." (Wang Dec. ¶¶3, 5.) However, when asked if

Ollies had bikes at the restaurant for use by delivery personnel, plaintiff Sun testified that "I was told that they had a broken bicycle there, but when I was there, I did not see it." (Sun Dep. 98:15.)  Other plaintiffs testified in depositions that Ollies did not supply bicycles to its delivery personnel.  (Zhong Dep. 94:7) ("Q: Ollie's had some other bikes; correct? A: No. Restaurant does not own bicycles"); (Xu Dep. 88:23) ("Q: The restaurant had bikes; correct? A: No.") There is a genuine and disputed issue of material fact as to whether bicycles were provided for use by delivery personnel.

Defendants also argue that delivery personnel were free to walk to make their deliveries and thus were not required to purchase bicycles.  (Def. 56.1 ¶17; Wang Dec. ¶4.) Plaintiffs dispute this claim and argue that it would be "impossible," or at least substantially more difficult, to make deliveries by foot due to the distances that needed to be traveled and the number of deliveries.  (Pl. 56.1 Resp. ¶17.) Ollies Sichuan Restaurant is located on West 42nd Street near 9th Avenue, and according to testimony given by the plaintiffs, the delivery radius extends north to 58th Street, south to 28th Street, west to 12th Avenue, and east to Park Avenue, a range of approximately 2 miles north and south and approximately 1.5 miles east and west.  (Xu Dec. ¶4.)  Defendants do not dispute the delivery range.

Based on the delivery range, the Court cannot conclude that bicycles were not necessary to make deliveries.  Plaintiffs' testimony is sufficient to raise an issue of fact as to whether Ollies either did not possess bicycles for delivery personnel to use or possessed a broken bicycle.  (Zhong Dep. 84:7; Xu Dep. 88:23; Sun Dep. 98.15.)  Construing the facts in the light most favorable to the plaintiffs and drawing all reasonable inferences against defendants, defendants are not entitled to summary judgment as to reimbursement for bicycle purchases in Count VIII of the Complaint.

B.  Cost of Bicycle Repairs.

Summary judgment is appropriate as to the cost of bicycle repairs, as there is no genuine issue of material fact as to defendants' reimbursement of these expenses.  Defendant Tsu Y. Wang asserts in a declaration in support of this motion that "[i]f delivery personnel used their own bicycles to make deliveries, they were reimbursed by the Restaurant for any repairs or maintenance needed after they gave the receipts to management."  (Wang. Dec. ¶ 5).  Wang further asserts that this policy applied to all delivery personnel who worked at the restaurant.  Id. Plaintiffs do not dispute this proposition, either in their counter-statement of material facts in dispute or in their opposition memorandum of law.  (Pl. 56.1 Resp. ¶18; Pl. Mem. at 2, 5.)   The record submitted by defendants is uncontroverted that plaintiffs were in fact reimbursed for their bicycle repair expenses.  This portion of defendants' summary judgment motion is therefore granted.

II.    The Claims of Plaintiff Ji are Dismissed for Failure to Comply with Discovery Orders.

The complaint in this action was filed on July 15, 2015, and the initial pre-trial conference was held on October 15, 2015.  At that conference, the parties agreed to a Civil Case Management Plan, which provided that all fact discovery was to be concluded by February 15, 2016.  (Dkt. No. 20.)  On January 29, 2016, the deadline for completion of fact discovery was extended to March 25, 2016, with Ji's deposition ordered to take place on February 25, 2016. (Dkt. No. 25.)  On the evening of February 24, 2016, plaintiff's counsel notified defendant's counsel by email that Ji was in China and would not appear for his deposition.  (Brown Decl., Ex. "D".)  On February 29, 2016, plaintiff's counsel informed defendants' counsel that Ji would not return to the United States in the following three months.  (Brown Decl., Ex. "E".) Subsequently, the Court extended discovery until May 6, 2016.  (Dkt. No. 35.)  Ji again failed to

appear for a deposition.  At a status conference on June 2, 2016, the Court ordered a final

deadline for Ji to appear of June 30, 2016, otherwise defendants would be granted leave to file a

motion to dismiss Ji's claims.  (Dkt. No. 95) (the "June 2 Order").  Ji did not appear for a

deposition prior to the June 30 deadline, and on September 1, 2016 defendants filed a motion to

dismiss Ji's claims.  (Dkt. No. 97.)

   Rule 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or

permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is

pending may issue further just orders," including an order "dismissing the action or proceeding

in whole or in part."  In determining whether to impose dismissal as a sanction under Rule

37(b)(2)(A), courts consider "(1) the willfulness of the non-compliant party or the reason for

noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of

noncompliance, and (4) whether the non-compliant party had been warned of the consequences

of . . . noncompliance."  Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302-03 (2d Cir.

2009) (quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)) (ellipsis in

original).

   Rule 41(b) provides an alternative ground for dismissing plaintiff's complaint.  As

with dismissal under Rule 37(b)(2)(A), dismissal of an action under Rule 41(b) is considered a

"'harsh remedy' that should 'be utilized only in extreme situations.'"  Lewis v. Rawson, 564

F.3d 569, 575-76 (2d Cir. 2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d

Cir. 1993)).  In weighing dismissal as a remedy, the Court should consider whether "(1) the

plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given

notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by

further delay; (4) the need to alleviate court calendar congestion . . . carefully balanced against

plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions."
United States ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004).  "[N]one
of the five factors is separately dispositive . . . . " LeSane v. Hall's Security Analyst, Inc., 239
F.3d 206, 210 (2d Cir. 2001).

   The Court concludes that dismissal of Ji's claim is appropriate.  Plaintiff's
noncompliance with the Court's Orders was willful, as demonstrated by Ji's return to China
without indication when he would return, despite the Court's June 2 Order and multiple
extensions.  The Court granted several extensions of time for Ji to appear for a deposition, but he
has not appeared.  The Court's several extensions leave no room for misapprehension.  Plaintiff
was originally scheduled to be deposed on February 25, 2016, and it was only the night before
that plaintiff's counsel informed defendant's counsel that Ji would not appear.  Ji failed to appear
by the final deadline on June 30, and has not appeared for more than nine months.

   The duration of Ji's noncompliance weighs in favor of dismissal.  Plaintiff's final
deadline for appearing for a deposition was June 30, 2016, more than three months ago.
Moreover, the June 2 Order made clear that Ji's failure to appear for a deposition by June 30
would result in dismissal.  Defendants had twice before requested that the Court dismiss Ji's
claims.  The fact that Ji was warned that noncompliance would result in dismissal of his claims
and still chose not to comply demonstrates that lesser sanctions would be insufficient to compel
compliance.  Plaintiff chose to be part of this action, and his return to China does not excuse him
from repeatedly failing to follow the Court's Orders.

   The Court also concludes that the facts weigh heavily in favor of dismissal
pursuant to Rule 41(b).  As noted, plaintiff's final deadline for appearing for a deposition was
June 30, 2016.  Plaintiff did not appear and has still not appeared.  Plaintiff's counsel indicated in

its February 29, 2016 email to defense counsel that it would be unlikely that Ji "will be return [sic] in the following 3 months." (Brown Decl., Ex. "E".) Ji left the United States for a prolonged period of time when he knew that failure to appear for a deposition would result in a motion to dismiss his claims. Partly as a result of Ji's inaction, this litigation has been delayed since February 2016. Ji was also on notice that failure to appear could result in dismissal of his claims. That warning was more than a "brief and technical" comment. See LeSane, 239 F.3d at 210.

While prejudice to defendants from the delay in an action against them for money damages is difficult to assess, it may be presumed when there is an unreasonable delay. Id. The delay is sufficiently long to cause prejudice; it has caused defendants to incur increased legal fees and will also increase the amount of any pre-judgment interest that defendants may be required to pay plaintiffs. (Def. Mem. at 4.) Although plaintiff has a right to his day in Court, that right is qualified by his obligation to comply with the Federal Rules of Civil Procedure and lawful Court orders. Noncompliance with the Court's orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner.

The Court has considered the efficacy of sanctions less severe than dismissal and has concluded that they are inadequate. Plaintiff was warned that failure to comply with the June 2 Order would result in dismissal, and has yet to comply. Given the totality of the circumstances, the Court concludes that Ji's claims must dismissed without prejudice, pursuant to Rules 37(b)(2)(A) and 41(b), Fed. R. Civ. P.

III.    The Claims Against Defendant Wang Arising From Events Prior to Confirmation of the
        Bankruptcy Plan Are Dismissed.

            Wang also moves for summary judgment on all claims against him arising out of

events that occurred prior to February 29, 2012, on the basis that these claims were discharged

by the confirmation of his bankruptcy plan.  Wang petitioned for Chapter 11 bankruptcy

protection on March 22, 2010 in the United States Bankruptcy Court for the Southern District of

New York. (Wang Dec. ¶7.)  On February 29, 2012, the court, Hon. Martin Glenn, U.S.B.J.,

confirmed the bankruptcy plan.  Section 5(b) of the plan states that "upon completion of all

payments required under the Plan, individual debtor Tsu Yue Wang shall be discharged and/or

deemed released from any and all debts which arose before the date of confirmation of the

plan. . . ."  (Wang Dec., Ex. "C.")  Plaintiffs, in a letter to the Court dated November 14, 2016,

concede that claims against Wang arising prior to February 29, 2012 were discharged by the plan

confirmation.  (Dkt. No. 101.)  Summary judgment is therefore appropriate with respect to

claims against Wang arising prior to February 29, 2012.

CONCLUSION

            Defendants' motion for summary judgment (Dkt. No. 101) is GRANTED

in part and DENIED in part.  Defendants' motion to dismiss claims of Zhong Hua Ji is

GRANTED.  Letter Motion (Dkt. No. 55) is terminated as moot.

            SO ORDERED.

                                    P. Kevin Castel
                            United States District Judge

Dated:  New York, New York
        November 22, 2016

- 9 -